IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ASHBY L. RICHERSON, JR., et al.,

      Plaintiffs,

                                         Civil Action No. 3:10cv888-HEH
v.                                    (Removed from the Circuit Court for
                                    Chesterfield County, Case No. CL10-1485)

U.S. BANK NATIONAL ASSOCIATION, et al.

      Defendants.

## DEFENDANTS U.S. BANK, NATIONAL ASSOCIATION'S, HOME LOAN SERVICES, INC.'S AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants U.S. Bank, National Association ("U.S. Bank"), Home Loan Services, Inc.

("Home Loan Services") and Mortgage Electronic Registration Systems, Inc. ("MERS")

(collectively, "Moving Defendants"), by counsel, pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure, submit the following Memorandum in support of their Motion to Dismiss the

Amended Complaint filed by Plaintiffs Ashby L. Richerson, Jr. and Toni L. Richerson

(collectively, "Plaintiffs"), or, in the alternative to dismiss Counts 2 through 9 of the Amended

Complaint and to dismiss Moving Defendants ("Motion to Dismiss" or "Motion"), and state as

follows.

## INTRODUCTION

This action concerns certain real property located at 7207 Sanchez Road, Chesterfield,

Virginia 23832 ("Property").  Defendant U.S. Bank is a successor to the Lender that loaned over

$230,000 to Defendant James Fox ("Fox")[1] for Fox's purchase of the Property (the "Fox Loan"). Defendant Home Loan Services is the servicer on the Fox Loan. Defendant MERS is the Lender's nominee under the deed of trust Fox granted on the Property to secure the Fox Loan. The Moving Defendants are named in this action only as a result of their lending relationship with Fox.

Plaintiffs, who reside at the Property, entered into a transaction with Fox that resulted in Plaintiffs' deeding the Property to Fox on November 14, 2006. Fox granted a deed of trust on the Property to secure a loan from First Franklin. U.S. Bank is a successor to First Franklin. Fox defaulted on the Fox Loan and the substitute trustees under the deed of trust granted by Fox initiated non-judicial foreclosure proceedings. On May 27, 2010, the day prior to the scheduled foreclosure sale of the Property, Plaintiffs, by counsel, commenced this action by filing a complaint in the Circuit Court for Chesterfield County, Virginia (the "State Court"), asserting claims for declaratory and injunctive relief predicated upon allegations of fraud by Fox. Plaintiffs also filed an *ex parte* motion for injunctive relief and temporary restraining order to stave off the foreclosure sale that was noticed for the following day. On May 28, 2010, based on Plaintiffs' *ex parte* representations to the State Court, the State Court granted Plaintiffs' motion and entered a temporary injunction order. Defendants F & M Services, L.C. ("F&M"), Friedman & MacFadyen, P.A. ("Friedman & MacFadyen"), and Johnie R. Muncy ("Muncy") (collectively, "Trustee Defendants" or "Trustees") filed their answer to Plaintiffs complaint.[2] Subsequently, Defendants U.S. Bank and Home Loan Services filed a Demurrer and Plea in Bar on the grounds

---

[1] Counsel for the Moving Defendants does not represent Fox.

[2] Fox sent his answer to the complaint to Plaintiffs' counsel but did not file an answer with the State Court.

that Plaintiffs failed to adequately plead factual allegations that fraud was committed and that, in any event, the claims of fraud were barred by the statute of limitations.  The State Court sustained the Demurrer and the Plea in Bar was taken under advisement.  Plaintiffs were granted leave to amend.

On or about November 17, 2010, Plaintiffs filed their Amended Complaint in the State Court, adding MERS as a defendant.  Although the original two-count complaint filed by Plaintiffs sought only injunctive and declaratory relief related to the Property, the Amended Complaint seeks compensatory damages, punitive damages, equitable relief and other relief.  The Amended Complaint contains nine counts: Count 1, for fraud against Fox (seeking compensatory damages plus $2,000,000.00 in punitive damages); Count 2, for conversion against Fox (seeking title and possession to the Property, notwithstanding the lien created by the Fox Deed of Trust, and seeking an award of actual damages, punitive damages and costs); Count 3, for "standing" against U.S. Bank, F&M and Muncy[3] (seeking an injunction against all defendants from foreclosing on the Property); Counts 4 through 6, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), against U.S. Bank, Home Loan Services, Friedman & MacFadyen and Muncy (seeking actual damages, statutory damages, costs and attorneys' fees); Count 7, for "breach of good faith and fair dealing," against U.S. Bank, Home Loan Services, Friedman & MacFadyen, F&M and Muncy (seeking punitive damages); Count 8, for declaratory judgment, against U.S. Bank, MERS, Home Loan Services, F&M, Friedman & MacFadyen and Muncy (seeking an order that U.S. Bank and Home Loan Services "be commanded to show proof" of their interest in the Property, that Home Loan Services show proof of compliance with the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et*

---

[3] The Amended Complaint refers to Muncy interchangeably as "Muncy" and "Muncie."

seq. ("RESPA"), and for further relief); and Count 9, for "injunction to quiet title" against all defendants named in the Amended Complaint.

Whereas Plaintiffs' original complaint asserted only state law claims, the Amended Complaint presents claims arising under federal law. Accordingly, U.S. Bank and Home Loan Services filed a Notice of Removal, in which the Trustee Defendants joined, to remove this action from the State Court to this Court. See Doc. # 1. For the reasons stated below, the claims asserted in Plaintiffs' Amended Complaint fail as a matter of law and Plaintiffs are not entitled to equitable relief they seek.

## FACTUAL BACKGROUND

Prior to June 2006, Plaintiffs granted a deed of trust on the Property to Franklin Management Credit ("FMC"). [4] See Plaintiffs' original complaint ("Complaint" or "Compl.") at ¶ 8; Amended Complaint ("Am. Compl.") at ¶ 22. In June 2006, Plaintiffs engaged Fox's services to obtain a refinance of the FMC mortgage loan secured by the Property. Compl., ¶ 9; Am. Compl., ¶ 24. Plaintiffs stopped making payments on the FMC mortgage loan on or about June 2006. Compl., ¶ 10; Am. Compl., ¶ 28. Between June 2006 and November 14, 2006, Fox told Plaintiffs that he could obtain a refinancing of Plaintiffs' FMC mortgage loan, which was secured by the Property. Compl. ¶¶ 8, 9, 11; Am. Compl., ¶¶ 26, 29 39(a). On November 14, 2006, Plaintiffs met with Fox for closing. Compl., ¶ 14; Am. Compl., ¶ 30. Plaintiffs acknowledge that they were informed by Fox on November 14, 2006 that he could not obtain refinancing for them and that the transaction Plaintiffs' and Fox discussed would instead need to

---

[4] Factual allegations recited herein from the Complaint and Amended Complaint are presumed true solely for purposes of this Motion. Nothing herein should be construed as an admission.

be processed as a sale. Id. Plaintiffs were in default and/or facing foreclosure related to the FMC mortgage loan secured by the Property. Compl., ¶ 15; Am. Compl., ¶ 28.

In conjunction with Plaintiffs' transaction with Fox ("Fox Sale"), Plaintiffs deeded the Property to Fox on November 14, 2006 ("Deed"). See Exhibit A to Am. Compl.,[5] see also Am. Compl., ¶ 46. That Deed was recorded in the land records of Chesterfield County on November 20, 2006. Id. Fox applied for a note in his name, using his credit, to purchase the Property ("Fox Loan"). Compl., ¶¶ 14, 17(d), 22; Am. Compl., ¶ 68; see also Ex. C. Fox also granted a deed of trust on the Property to secure the Fox Loan ("Fox Deed of Trust"). See Ex. C. The Fox Deed of Trust was recorded in the land records of Chesterfield County on November 20, 2010. Id. The Moving Defendants' role in this action arises solely as a result of the loan given to Fox and the security interest granted by Fox in the Deed of Trust. In addition, Plaintiffs received at least $20,000.00 in proceeds from their sale of the Property to Fox. Am. Compl., ¶ 39(i) (stating Plaintiffs received $20,000.00 from the Fox Sale); Ex. H, p. 5 at ¶ k (stating Plaintiffs received $22,000.00 in cash from the Fox Sale). In addition, Plaintiffs' FMC mortgage loan balance of $172,165.74 was paid off as a result of the Fox Sale from proceeds of the Fox Loan, and Plaintiffs were released from their obligations under their FMC mortgage loan. See Exs. D and E, at ln. 504.

Plaintiffs accepted the benefits of the Fox Sale, including the cash out of at least $20,000 and the FMC loan pay off of $172,165.74. Id.; Am. Compl., ¶¶ 32, 39(i). Plaintiffs still reside at the Property. Am. Compl., ¶ 12. Despite the monetary benefits Plaintiffs received in November 2006 as a result of the Fox Sale, Plaintiffs ask this Court for unfounded monetary damages and extraordinary equitable relief. See, e.g., id. at ¶¶ 90, 95, 100, 105, 123, 124, 131,

---

[5] All references to Exhibits in this Motion refer to Exhibits attached to the Amended Complaint.

138.   Plaintiffs' claims are based on allegations that Fox mislead them regarding the Fox Sale in

2006, that Fox made additional false statements regarding Plaintiffs ability to refinance the Fox

Loan in the future and that Fox mislead Plaintiffs as to whether they held title to the Property.

See, e.g., id. at ¶¶ 26, 29, 39, 47.   Plaintiffs' disregard the incontrovertible facts that U.S. Bank's

predecessor loaned more than $170,000 to pay off Plaintiffs' FMC Mortgage and arrears and that

Plaintiffs received at least $20,000 of the Fox Loan proceeds.  Id. at ¶ 39(i); Exhibit D and E.

Plaintiffs also claim that the remaining defendants lack standing to foreclose on the Property.  As

explained below, Plaintiffs fail to state a claim upon which relief may be granted and the

Amended Complaint should be dismissed.  While Plaintiffs may have a claim against Fox, that

claim – and the relief sought – has nothing to do with any act by the Moving Defendants.

Plaintiffs want to retain all the benefits they received from the Fox Sale while destroying the

Moving Defendants' $200,000+ lien on the Property, which secures the Fox Loan.  This Court

should not grant relief to Plaintiffs that would cause further injury to the Moving Defendants and

unjustly enrich Plaintiffs.  The relief – if any – should come from Fox alone.

## STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion, courts review the sufficiency of the complaint.

A complaint must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955,

1964 (2007) (internal quotations marks omitted).  The Supreme Court of the United States has

explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss
> does not need detailed factual allegations, a plaintiff's obligation to
> provide the "grounds" of his "entitle[ment] to relief" requires more
> than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ... ("[T]he pleading must contain something more ... than ... a statement of fact that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact)) ....

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and footnote omitted). Twombly marked the "retirement" of the language from Conley v. Gibson that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 1968-69 (citing Conley, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)).

The claim must be supported by "any set of facts consistent with the allegations in the complaint." Kelley v. U.S., 580 F. Supp. 2d 490, 492 (E.D. Va. 2008) (quoting Twombly, 127 S. Ct. 1955, 1959). The court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take facts asserted therein as true. Id. The court need not, however, accept the legal conclusions, inferences, or arguments that are drawn from the facts. Id. Further, "[l]egal conclusions must be supported by factual allegations and the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Tapia v. U.S. Bank, N.A., 718 F. Supp. 2d 689, 698 (E.D. Va. 2010).

Additionally, the court may also examine documents referenced in the complaint. Id. (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S. Ct. 2499, 2507 (2007)). In ruling on a motion to dismiss, the court can rely upon the allegations in the complaint or those documents incorporated by reference in the complaint. Williamson v. Virginia First Savings Bank, 26 F. Supp. 2d 798, 800 (E.D.Va. 1998) (holding that the court can consider and rely on

the provisions of an employee manual that was referenced in the complaint for purposes of deciding Rule 12(b)(6) motion).

## ARGUMENT

## I.  Plaintiffs Fail to State a Claim in Count 2

Although Count 2 (conversion) is brought against Fox, the relief Plaintiffs seek in Count 2 could destroy the Moving Defendants' security interest in the Property.  Plaintiffs allege that "Plaintiffs are entitled to judgment awarding them title to and possession of the subject [P]roperty." Am. Compl., ¶ 75.  For example, the relief Plaintiffs seek may require that the Court enter a permanent injunction prohibiting the Moving Defendants from enforcing their security interest in the Property, as well as a mandatory injunction requiring Fox to re-convey the Property to Plaintiffs free and clear of all liens.  Even though counsel for the Moving Defendants does not represent Fox, the Moving Defendants are compelled to respond on the grounds that if this Court finds for Plaintiffs against Fox in Count 2, the relief granted may affect the Moving Defendants.  As explained below, the Moving Defendants move to dismiss Count 2 based on Plaintiffs' failure to state a claim.

### A.    Real Estate is Not Subject to Conversion Under Virginia Law.

"Conversion is the wrongful assumption or exercise of the right of ownership over **goods or chattels** belonging to another in denial of or inconsistent with the owner's rights." Economopoulos v. Kolaitis, 259 Va. 806, 814 (2000) (emphasis added); see also Holley v. Johnson, No. 7:08cv00629, 2010 WL 2640328 (W.D. Va. June 30, 2010).  Claims for conversion lie when the property at issue is personal, not real property.  Id.  Count 2, however, purports to be "an action for conversion of real property." Am. Compl., ¶ 66.  Virginia only recognizes a cause of action for conversion of items of personal property, and Count 2 fails on this basis.

B.    Conversion Claims Are Not Founded on Contractual Relationships

Moreover, conversion claims as a matter of law must arise from "a common law duty, not one existing between the parties solely by virtue of [a] contract." WorldCom, Inc. v. Boyne, 68 Fed. Appx 447, 454 (4th Cir. 2003). Here, Plaintiffs base their conversion claim in Count 2 solely on their contractual relationship with Fox. Am. Compl., ¶¶ 67, 70. Because Plaintiffs' conversion claims arise purely based on their contractual relationship with Fox, Count 2 fails on this additional basis. Even if Plaintiffs contract-based claims for conversion of real estate were cognizable under Virginia law, Count 2 is predicated on alleged fraud by Fox in connection with the Fox Sale and incorporates the allegations of Count 1. As explained in section VI(A) below, Plaintiffs' allegations that the Fox Sale is void or voidable are time barred and insufficient as a matter of law, thus Count 2 also fails on this basis.

C.    Plaintiffs Fail to State a Claim the Equitable Relief in Count 2

Plaintiffs ask this Court to enter an Order "to permanently enjoin Defendants[6] from foreclosing" on the Property. Am. Compl., ¶¶ 88-90. An injunction will not lie where a party has an adequate remedy at law. Pennsylvania-Little Creek Corp. v. Cobb, 215 Va. 44 (1974). Moreover, injunctive relief is an extraordinary remedy for which Plaintiffs bear the burden of showing entitlement. Safeway Inc. v. CESC Plaza Ltd. P'ship, 261 F. Supp. 2d 439, 466 (E.D. Va. 2003). A permanent injunction, which Plaintiffs seek in Count 2, is appropriate only where:

> (i) there is no adequate remedy at law, (ii) the balance of the equities favors the moving party, and (iii) the public interest is served.

Id. at 467 (citations omitted).

---

[6] Notwithstanding this prayer for relief, Count 2 is asserted against Fox only. See Am. Compl. at p. 14.

### 1)   Plaintiffs Have an Adequate Remedy at Law

Count 1 is a claim against Fox for fraud based on allegations that Fox made numerous statements that were false or fraudulent.   In Count 1, Plaintiffs seek actual damages in the principal amount of the Fox Loan and punitive damages of $2,000,000[7] from Fox.  Id. at. ¶¶ 63, 64.  Notwithstanding the relief sought in Count 1, Plaintiffs ask for extraordinary equitable relief based on Plaintiffs' allegations that the conveyance to Fox and the Deed of Trust securing the Fox Loan should be set aside as void or voidable due to Fox's alleged fraud.  Id. at ¶ 75; see also ¶ 138(a) – (e).[8]  In Count 2, Plaintiffs' claims rely entirely on the same fraud alleged in Count 1. Id. at ¶¶ 65, 71 ("Defendant Fox has unlawfully converted the proper in question to his own use based on false and fraudulent representations.").  Thus, Plaintiffs implicitly concede that monetary damages are sufficient.  Id. at ¶¶ 63, 65.  Count 2 is not pleaded in the alternative to Count 1 and Plaintiffs incorporate all their allegations from Count 1 into Count 2, including their implicit acknowledgment that they have a remedy at law.  Id. at ¶¶ 63, 65.  Because Plaintiffs have pleaded claims for monetary relief based on the same set of facts and have not alleged facts that support equitable relief, they cannot be heard to claim that they have no adequate remedy at law.

### 2)   Balancing the Equities Does Not Support an Injunction

Even if Plaintiffs did not have an adequate remedy at law, the Amended Complaint is devoid of factual allegations that would demonstrate that the balancing of the equities favors

---

[7] Under Virginia law, punitive damages are capped at $350,000.00.  Va. Code § 8.01-38.1. Plaintiffs have not stated a basis for entitlement of damages in excess of that cap, nor have they pleaded that the cap should not apply to them.

[8] U.S. Bank and Home Loan Services challenged these same allegations in their Demurrer.  That Demurrer was sustained by State Court.

Plaintiffs such that injunctive relief would be available.  Plaintiffs admit their FMC loan in the amount of $172,165.74 was paid off as a result of the Fox Sale.  Exs. D and E, at ln. 504.  They admit that they received at least $20,000 in cash from the Fox Sale.  Am. Compl., ¶ 39(i).  The harm Plaintiffs allege they suffered as a result of the Fox Sale is a loss of approximately $30,000 – the amount of equity purportedly stripped by Fox as a result of the Fox Sale.  Id. at ¶¶ 38, 40.  Yet Plaintiffs also ask this Court to award them title to the Property, free and clear of any liens asserted by secured creditors.  Id. at ¶¶ 75, 138.  Such relief would amount to a windfall in Plaintiffs favor to the detriment of the Moving Defendants whom Plaintiffs do not allege in the Amended Complaint to have been culpable in Fox's alleged fraud.  Moreover, Plaintiffs admit that Fox defrauded his Lender and by virtue of Fox's bankruptcy filing the Moving Defendants' only recourse is to enforce their security interest in the Property.  Id. at ¶¶ 31, 39(g), 39(j), 57-59; Ex. I.  Certainly, under these circumstances, balancing the equities does not support the injunctive relief requested by Plaintiffs.  Because Plaintiffs have not pleaded facts to support the first two elements required to obtain injunctive relief, the Court need not consider whether the third is present here.  Thus, even if Plaintiffs stated a viable claim for conversion of real property, they have failed to state a basis for the relief they seek in Count 2.  Accordingly, Count 2 must be dismissed.

## II.   Plaintiffs Fail to State a Claim for Relief in Count 3

In Count 3, Plaintiffs assert a claim of "standing" against U.S. Bank, F&M and Muncy.  Plaintiffs argue that they are entitled to a permanent injunction based on their conclusion that U.S. Bank, F&M and Muncy lack standing to institute a foreclosure sale of the Property.  Virginia law does not recognize such a claim, particularly where, as here, the parties were attempting to conduct a non-judicial foreclosure:

> [Virginia Code] Sections 55-59.1 through 55-59.4, which set forth
> the procedural requirements for a non-judicial foreclosure, do not
> require an interested party to prove "standing" in a court of law
> before initiating the foreclosure process.

Tapia v. U.S. Bank, N.A., 718 F. Supp. 2d 689, 698 (E.D. Va. 2010); Pazmino v. LaSalle Bank,

N.A., No. 1:09cv1173, 2010 WL 2039163 (E.D. Va. May 20, 2010) (rejecting "standing"

argument as a matter of law).

Further, as Judge Lee held, "the nominee may act on behalf of the Lender as authorized

by the deed of trust." Tapia v. U.S. Bank, N.A., 718 F. Supp. 2d at 697. The "nominee" under

the Fox Deed of Trust is Defendant MERS. Ex. C. None of the allegations in Count 3, even if

true,[9] affect the broad power of the Moving Defendants to appoint successor trustees under the

Deed of Trust. See, e.g., Ex. C (Fox Deed of Trust) at ¶¶ E, 20, 24. Moreover, the allegations

contained in Count 3 that the Moving Defendants lack standing are mere conclusions of law,

which are insufficient to support a claim. Tapia v. U.S. Bank, N.A., 718 F. Supp. 2d at 698

("Legal conclusions must be supported by factual allegations and the '[f]actual allegations must

be enough to raise a right to relief above the speculative level.'"). Thus, even if Virginia

required the Moving Defendants to establish standing prior to conducting a non-judicial

foreclosure sale, which clearly the law does not, Plaintiffs claims in Count 3 are speculative and

fail as a matter of law.

**III.     Plaintiffs Fail to State a Claim for Relief Under the FDCPA in Counts 4, 5 and 6**

In order to survive this Motion to Dismiss, Plaintiffs:

---

[9] Moving Defendants do not concede the allegations contained in Count 3. In particular, the document attached as Exhibit K to the Amended Complaint does not support the allegations contained in paragraphs 83-85. Further, Plaintiffs fail to cite the purported case(s) or context(s) in which the incendiary allegations contained in paragraph 87 allegedly arose.

> must **sufficiently** allege that: (1) [they were] the object of
> collection activity arising from a consumer debt as defined by the
> FDCPA; (2) the defendant is a debt collector as defined by the
> FDCPA; and (3) the defendant engaged in an act or omission
> prohibited by the FDCPA.

Blagogee v. Equity Trustees, LLC., No. 1:10cv13, 2010 WL 2933963, *5 (E.D. Va. July 26,

2010) (emphasis added); Moore v. Commonwealth Trustees, LLC, No. 3:09cv731, 2010 WL

4272984, *2 (E.D. Va. Oct. 25, 2010) (emphasis added).  Plaintiffs' claims in Count 4, 5 and 6

all rest on conclusions of law and are predicated on Plaintiffs flawed legal theories.  These

claims fail for a multitude of reasons as stated below.

     A.     Plaintiffs' Claims Under the FDCPA are Based on Mere Conclusions of Law.

     In Counts 4, 5 and 6, Plaintiffs assert bare conclusions of law that "Plaintiffs are each a

'consumer' as defined and governed by the federal Fair Debt Collection Practices Act" (Am.

Compl., ¶¶ 92, 97, 102) and that defendants "are 'debt collectors' as defined and governed by the

FDCPA (id. at ¶¶ 93, 98, 104).  They parrot language from the applicable statutes in concluding

that a violation occurred.  Id. at ¶¶ 94, 99, 104.  No factual allegations are pleaded to support

Plaintiffs' conclusions.  Id., generally.  Plaintiffs' allegations actually refute the conclusion that

they are "consumers," because they admit that they never refinanced and that the Fox Loan is not

in their name.  Id. at ¶¶ 30, 31; Ex C.  There are no allegations that any of the named defendants

attempted to collect a debt or demanded payment from Plaintiffs.  Tellingly, Plaintiffs fail to

attach to their Amended Complaint the purportedly violative advertisement at issue in paragraph

94.  Nor do Plaintiffs identify what "threats" or "nonjudicial action[s]" were made, by whom and

when.  Id. at ¶¶ 99, 104.  And Plaintiffs do no identify what "humiliation, embarrassment, mental

anguish and emotional distress" they claim to have suffered in paragraphs 95, 100 and 105.  As

such, the Court should reject Plaintiffs' FDCPA claims insofar as each claim is rooted upon mere

conclusions of law.  Moore v. Commonwealth Trustees, 2010 WL 4272984 at *2 ("'The court

need not, however, accept unsupported legal allegations, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of reference to actual events.'") (citation omitted).  Accordingly, Counts 4, 5 and 6 should be dismissed on this basis alone.

B.   Foreclosure Efforts Are Not Debt Collection Activities

Foreclosing on property is not a debt collection activity, but rather, an effort to enforce a security interest. Moore v. Commonwealth Trustees, 2010 WL 4272984 at *4.  In fact, where as here, the actions complained of relate to non-judicial foreclosure proceedings, § 1692f(6) is the only provision of the FDCPA that may be triggered. Id. Thus, Counts 4 and 5, which are brought under other sections of the FDCPA must be dismissed as a matter of law. Id.  Count 6, which alleges U.S. Bank, Home Loan Services, Friedman & MacFadyen and Muncy violated § 1692f(6), also fails for the reasons that follow.

The Amended Complaint is devoid of any allegation that the Moving Defendants – or the Trustees – attempted to collect a debt.  Am. Compl., generally.  Nor do Plaintiffs contend that any defendants attempted to collect a debt from them.  The Amended Complaint merely alleges that certain named defendants attempted to sell the Property through Virginia statutory provisions authorizing non-judicial foreclosure. Id. at ¶¶ 89, 94, 99, 104, 121.  Tellingly, Plaintiffs did not attach the communications sent to comply with Virginia non-judicial foreclosure statutes (id. at ¶ 104), which Plaintiffs contend violated FDCPA § 1692f(6).  Judge Williams recently dismissed similar claims where defendants merely sent the notices required by Virginia Code. § 55-59.1 and nothing in the letters sent to plaintiffs demonstrated that defendants were demanding payment. See Blagogee v. Equity Trustees, LLC., No. 1:10cv13, 2010 WL 2933963 (E.D. Va. July 26, 2010); Moore v. Commonwealth Trustees, LLC, No. 3:09cv731, 2010 WL 4272984 (E.D. Va. Oct. 25, 2010).  Similarly, "no reasonable inference can be made

[here] that [the Moving Defendants] attempted to collect [Plaintiffs'] personal debt." Blagogee at * 5. Even if Plaintiffs bolstered their legal conclusions with facts, their FDCPA claims fail because foreclosure efforts are not debt collection activities and Plaintiffs have not alleged any facts supporting an inference that the Moving Defendants demanded payment from Plaintiffs. Counts 4, 5 and 6 must be dismissed on this additional basis.

C.   U.S. Bank and Home Loan Services Are Not Debt Collectors

In Counts 4, 5 and 6, Plaintiffs claim that U.S. Bank, Home Loan Services, F&M,[10] Friedman & MacFadyen and Muncy violated the FDCPA. Plaintiffs do not identify which of these defendants engaged in which purportedly violative actions and why any defendant's actions may be imputed to the other defendants. Although unclear from the pleading, it appears that Plaintiffs seek to hold U.S. Bank and Home Loan Services vicariously liable for the alleged actions of the Trustee Defendants in furtherance of the attempted non-judicial foreclosure sale of the Property. Even if Plaintiffs sufficiently pleaded that the Trustees were "debt collectors," creditors such as U.S. Bank and servicers such as Home Loan Services cannot be held liable under the FDCPA for the actions of third-party debt collectors. In a highly persuasive opinion, one United States District Court stated:

> The text of the [FDCPA], legislative history, and case law lead
> inescapably to the conclusion that, with a limited exception not
> present in this case, the [FDCPA] is applicable only to debt
> collector, not the creditors who hire them. Because Congress has
> made it clear that creditors are not generally covered by the Act,
> common law agency principles are inapplicable and may not be
> applied to impose liability on a creditor...

---

[10] The headings for Count 4, 5 and 6 do not name F&M, but the paragraphs comprising each Count do. Am. Compl., ¶¶ 94, 99, 104.

Castro v. Revere Collection Agency, 1991 U.S. Dist LEXIS 10497 (E.D. Pa. July 25, 1991).  The

Castro court effectively relied on Monell v. Department of Soc. Servs., 436 U.S. 658, 691-94

(1978) for the general proposition that "the language of a federal statute need not explicitly

address the concept of agency in order to displace common law agency rules."  Many other

courts have reached the same conclusion.  See Hutt v. Albert Einstein Med. Ctr., 2005 U.S. Dist.

LEXIS 21548, n.7 (E.D. Pa. Sept 28, 2005) ("[A] creditor that is not itself a debt collector is not

vicariously liable for the actions of a debt collector in the creditor's employ."); Doherty v.

Citibank (South Dakota), N.A., 375 F. Supp .2d at 162 ("To the extent that the Plaintiff is

alleging that [the creditor] violated the FDCPA due to an agency relationship with the Debt

Collectors, 'a creditor that is not itself a debt collector is not vicariously liable for the actions of a

debt collector it has engaged to collect its debts.'"); Ricciardi v. Service Credit Union, 2006 U.S.

Dist. LEXIS 28468 (D. N.H. May 11, 2006) ("Because the FDCPA applies only to 'debt

collectors,' however, courts have consistently rejected attempts to impose FDCPA liability on a

creditor for the actions of those who collect its debts based on respondeat superior or similar

theories."); and Duncan v. Citibank (South Dakota) N.A., 2006 U.S. Dist. LEXIS 95403 (June

30, 2006, D. N.M.) ("[A] creditor cannot be held vicariously liable under the FDCPA for abusive

actions by independent collection agencies").

Just as in the cases cited above, Plaintiffs appear to claim that U.S. Bank and Home Loan

Services are liable under the FDCPA for alleged wrongdoing by the Trustees.  Am. Compl., ¶¶

94, 99, 104.  Thus, just as in the cases cited above, Counts 4, 5 and 6 fail as a matter of law and

must be dismissed.

IV.    **Plaintiffs Fail to State a Claim in Count 7**

Count 7 is a claim for "Breach of Good Faith and Fair Dealing" asserted against U.S. Bank, Home Loan Services, Friedman & MacFadyen, F&M and Muncy.  As set forth below, Plaintiffs fail to allege sufficient facts to support their claims in Count 7 and the claims fail as a matter of law.  Accordingly, this Court should dismiss Count 7 with prejudice.

A.    <u>Plaintiffs Fail to Allege Sufficient Facts Giving Rise to the Duty Allegedly Breached</u>.

Plaintiffs allege in conclusory fashion that "Defendants U[.]S[.] B[ank], Home [Loan Services], Muncy and F&M, have a duty to the Plaintiffs to act in good faith and fair dealing with regard to the mortgage loan that secures [the] [P]roperty."  Am. Compl., ¶ 118.  Plaintiffs further allege that those defendants "in their respective capacities as Trustees of the Trust, Servicer of the Note, and as Substitute Trustee under the [Fox] mortgage" owed certain duties to them.  <u>Id</u>. at ¶ 119.  Plaintiffs allege that those defendants violated their purported duties.  <u>Id</u>. at ¶¶ 120-122.  Yet the Amended Complaint is devoid of any factual allegation that would support Plaintiffs' legal conclusion that any duty existed, let alone that any of the named defendants violated such a duty.

"In Virginia, the elements of claim for breach of the implied covenant of good faith and fair dealing are (1) a contractual relationship between the parties, and (2) a breach of the implied covenant."  <u>Enomato v. Space Adventures, Ltd.</u>, 624 F. Supp. 2d 443, 450 (E.D. Va. 2009).  There are no allegations in the Amended Complaint that any contractual relationship existed between Plaintiffs and the Moving Defendants.  The only contractual relationships alleged in the Amended Complaint were between Fox and Plaintiffs (<u>see</u>, <u>e.g.</u>, Ex. A; Am. Compl., ¶¶ 24, 30, 67, 70) or between Fox and the Moving Defendants (e.g., Ex. C.).  Based on the allegations of the Amended Complaint and the documents attached thereto, there simply are no grounds to

infer a contractual relationship between Plaintiffs and the Moving Defendants.  Absent a contractual relationship, Virginia does not recognize a claim for breach of good faith and fair dealing.  Frank Brunckhorst Co., L.L.C. v. Coastal Atlantic, Inc., 542 F. Supp. 2d 452, 462 (E.D. Va. 2008) (citing L&E Corp. v. Days Inns of America, Inc., 992 F. 2d 55, 59 n. 2 (4th Cir. 1993)); TIG Ins. Co. v. Alfa Laval, Inc., No. 3:07cv683, 2008 WL 639894, *3 (E.D. Va. Mar. 5, 2008); Charles E. Brauer Co., Inc. v. NationsBank of Virginia, N.A., 251 Va. 28, 33 (1996); see also Devnew v. Brown & Brown, Inc., 396 F. Supp. 2d 665, 671 (E.D. Va. 2005).  Having asserted no contractual basis to imply a duty of good faith and fair dealing,  Plaintiffs' claims against the Moving Defendants fail as a matter of law and Count 7 must be dismissed.

      B.     Plaintiffs Fail to State a Claim for Punitive Damages.

      Even if Plaintiffs pleaded sufficient factual allegations in support of their claim in Count 7, Plaintiffs have not stated a claim for relief.  The only relief prayed for in Count 7 is an award of punitive damages.  Am. Compl., ¶ 124.  The award of punitive damages is not favored in Virginia.  Bowers v. Westvaco Corp., 244 Va. 139, 150 (1992); Giant of Va., Inc. v. Pigg, 207 Va. 679, 686 (1967).  Punitive damages are available only in cases of the most egregious conduct and require proof of actual malice, wantonness or oppression.  Id.; Wright v Everett, 197 Va. 608, 614-16 (1956); Evan v. Schuster, 178 Va. 61, 65 (1941); see also Booker v. Dominion Virginia Power, 2010 WL 1848474 (E.D. Va. May 7, 2010) (granting motion to dismiss based on plaintiff's failure to state a claim for punitive damages).  Count 7 should be dismissed on the additional ground that Plaintiffs have not alleged any willful or wanton conduct by U.S. Bank, Home Loan Services, Friedman & MacFadyen, F&M or Muncy, as is required for any punitive damages claim.  Sykes v. Bayer Pharmaceutical Corp., 548 F. Supp. 2d 208, 217-18 (E.D. Va. 2008) (denying motion to amend complaint to add a punitive damages claim as futile, because

proposed amendment was devoid of allegations of "most egregious conduct" or of conduct that is "malicious, reckless, or so negligent that it evinces a conscious disregard of the rights of others.").

Here, Plaintiffs allege that in conclusory fashion that the named defendants violated their purported duties by failing to prove they have standing to foreclosure and/or falsely claiming that the Moving Defendants and Trustees have the power to conduct a non-judicial foreclosure sale. Am. Compl., ¶¶ 114, 117, 120-22. As detailed in section II above, Virginia law does not require the U.S. Bank and Home Loan Services to prove standing, but even if it did, there are no factual allegations that any actions by U.S. Bank and Home Loan Services were "egregious" or "malicious." Nor have Plaintiffs pleaded any basis to impute allegedly grossly reckless actions of others on U.S. Bank and Home Loan Services. Instead, Plaintiffs merely argue that the named defendants lacked standing to conduct a non-judicial foreclosure of the Property. Id.

None of these allegations support a plausible inference that U.S. Bank or Home Loan Services (or Friedman & MacFadyen, F&M and Muncy) acted with actual malice or that those defendants' conduct was egregious. Plaintiffs' recitation in conclusory fashion of the elements of a cause of action for punitive damages (Am. Compl., ¶ 124) does not insulate their punitive damages claim from dismissal. Plaintiffs simply have not alleged specific facts to support their characterization that U.S. Bank's or Home Loan Services' (or Friedman & MacFadyen's, F&M's and Muncy's) conduct evinced an alleged "willful disregard" of Plaintiffs' rights constituting actual malice. Sykes v. Bayer Pharmaceutical Corp., 548 F. Supp. 2d at 218. Under these circumstances, punitive damages will not lie and Count 7 fails on this additional basis. In the alternative, the Moving Defendants move to strike Plaintiffs' claims for punitive damages in excess of the statutory cap of $350,000.

## V.     Plaintiffs Fail to State a Claim in Count 8

Count 8 is a claim for Declaratory Relief against U.S. Bank, MERS, Home Loan

Services, F&M, Friedman & MacFadyen and Muncy.  Specifically, Plaintiffs:

> demand as follows:
>
> a.     That Defendant U[.]S[.] B[ank] be commanded to show proof of its interest as servicer with regard to the…[P]roperty, when it acquired said interest and whether or not it is a bona [sic] purchaser for value.
>
> b.     That Defendant Home [Loan Services] be commanded to show proof of its interest as servicer with regard to the…[P]roperty, when it acquired such interest and whether all statutory notices pursuant to the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq[.],[11] were executed to establish chain-of-servicing from the original servicer of the loan to Defendant Home [Loan Services]…

Am. Compl., ¶ 131.

Declaratory judgment does not give Plaintiffs greater rights than those which they

previously possessed; rather, the purpose is "to permit the declaration of those rights before they

mature." Liberty Mutual Ins. Co. v. Bishop, 211 Va. 414, 421 (1970).  Despite this fundamental

tenet of law, Plaintiffs are attempting to obtain greater rights than those entitled by law through

their claim for declaratory relief in Count 8.  As detailed in section II above, Virginia is a non-

judicial foreclosure state.  There is no requirement under Virginia law that U.S. Bank or Home

Loan Services provide Plaintiffs the information requested in paragraph 131 prior to

commencing a non-judicial foreclosure sale of the Property.  See Va. Code §§ 55-59.1 through

55-59.4; Tapia v. U.S. Bank, 718 F. Supp. 2d at 698.  Further, just as in Count 2, which is

detailed in section I above, Plaintiffs offer no explanation or factual basis as to why they

---

[11] There is a one-year statute of limitations with respect to RESPA claims.  The Fox Sale closed on November 14, 2006, thus Plaintiffs' claims for relief under RESPA may be time barred.

conclude they have no adequate remedy at law. Am. Compl., ¶ 131 ("Plaintiffs, being without remedy, save in a court of equity…"). Accordingly, Count 8 should be dismissed.

## V.   Plaintiffs Fail to State a Claim in Count 9

Count 9 is a claim for "Injunction to Quiet Title" as to all defendants. Am. Compl., p. 23. In a cause of action for quiet title, a plaintiff asks the court to remove a cloud from the title to land. Day v. Vaughn & Usilton, 193 Va. 168, 171 (1951). A cloud is a "claim or encumbrance which, if valid, would affect or impair the title of the owner of a particular estate." Id. When the deeds and related documents at issue are unambiguous, the court accords those documents their plain meaning. Beeren & Barry Investments, LLC v. AHC, Inc., 277 Va. 32, 37 (2009).

Here, Plaintiffs allege that all defendants:

> …may claim right, title or interest in the property as a result of a Deed executed on November 14, 2006, and recorded in the land records for the County of Chesterfield on November 20, 2006, in Deed Book 7486, Page 0970. Said Deed was procured by fraud and is void ab intitio.

Am. Compl., ¶ 136. Thus, Count 9 is predicated entirely on the alleged fraud by Fox concerning the Fox Sale in November 2006. As explained below, Plaintiffs' claims predicated on Fox's alleged fraud related to the Fox Sale, the Deed and the Fox Deed of Trust are time barred and further fail as a matter of law. In addition, the relief Plaintiffs seek in unavailable because they acknowledge they have an adequate remedy at law.

### A.   Count 9 Fails because it is Predicated on Fox's Alleged Fraud

In Count 9, Plaintiffs ask for extraordinary equitable relief based on Plaintiffs' allegations that Plaintiffs' conveyance of the Property to Fox, as well as the Fox Deed of Trust securing the Fox Loan, should be set aside as void or voidable due to Fox's alleged fraud. Am. Compl., ¶ 138(a) – (e). Count 9, which expressly incorporates all the preceding allegations of the Amended Complaint, is time barred. Even if timely, Plaintiffs' alleged reliance on the purported

fraud giving rise to Count 9 is unreasonable as a matter of law.  Accordingly, Count 9 must be dismissed.

> 1)    The Fraud Claims are Barred by the Statute of Limitations [12]

The statute of limitations for fraud and constructive fraud is two years.  Va. Code § 8.01-243(A).  "A cause of action involving fraud accrues when such fraud, mistake, misrepresentation, deception, or undue influence is discovered or **by the exercise of due diligence reasonably should have been discovered**."  Va. Code § 8.01-249(1) (emphasis added).  It is apparent on the face of Plaintiffs' Amended Complaint that the two year statute of limitations expired before Plaintiffs commenced this action.  Schmidt v. Household Finance Corp., II, 276 Va. 108, 117 (2008).  Plaintiffs signed the documents for the Fox Sale in November 2006, but they did not bring this action until May 2010.  Thus the burden shifts to Plaintiffs to show they "acted with due diligence and yet did not discover the fraud or mistake" within two years prior to filing the action.  Id. at 117-18 (citation omitted).

The allegations in the Complaint or Amended Complaint do not support an inference that the fraud could not have been discovered despite the exercise of due diligence.  Even before signing off on the Fox Sale, Plaintiffs were on inquiry notice.  They met at closing to find they could not obtain refinancing – and they admit Fox told them that the new financing secured by the Property was in Fox's – not Plaintiffs' – name.  Am. Compl., ¶¶ 30, 31; Ex. C.  Plaintiffs knew Fox would have to be added to the title and executed several documents to that effect, including the Deed that was recorded in the land records on November 20, 2006.  See Ex. A.  Thus, a "reasonable and prudent" person would have been on notice at closing in November

---

[12] U.S. Bank and Home Loan Services made this same argument in their Plea in Bar, which the State Court took under advisement.

2006 when Plaintiffs deeded their Property to a mortgage broker in another state whom they found through a mail solicitation. Schmidt, 276 Va. at 118; Calderon v. Aurora Loan Serv., Inc., No. 1:10cv129, 2010 WL 2306343 (E.D. Va. June 3, 2010); Tabler v. Litton Loan Servicing, LP, No. 3:09cv146, 2009 WL 2476532 (E.D. Va. Aug. 12, 2009). Even if Fox's promises of Plaintiffs' future ability to obtain financing in six months tolled accrual, that tolling ended when refinancing did not occur in May 2007. Moreover, Plaintiffs admit that they knew in 2007 that they did not hold title to the Property. Compl., ¶ 23.[13] Therefore, all of Plaintiffs' claims that are predicated on their conclusion that the Fox Sale and Fox Deed of Trust should be set aside based on fraud are barred by the statute of limitations, as set forth in Va. Code §§ 8.01-243(A) and 8.01-249(1). Accordingly, the Amended Complaint should be dismissed.

        2)     **Plaintiffs Cannot Show They Reasonably Relied on Fox's Alleged Misrepresentations**

Even if not time barred, Plaintiffs fail to plead reliance and their claims based on fraud fail on this additional basis. The elements of fraud are: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." Cohn v. Knowledge Connections, Inc., 266 Va. 362, 367 (2003). Fraud may be maintained by a party only where

---

[13] The Amended Complaint, which was filed after U.S. Bank's and Home Loan Services' Plea in Bar was briefed and argued (and taken under advisement), attempts to plead around that admission of actual knowledge in 2007 by asserting that Plaintiffs "learned that their names were not on the title to the [P]roperty" in 2008 when they were contacted by federal investigators. Am. Compl., ¶ 51. Plaintiffs are bound by the admissions in their Complaint that they had actual knowledge giving rise to their claims in 2007 and they cannot plead inconsistent facts in the Amended Complaint in order to avoid that statutory bar. See Cangiano v. LSH Building Co., LLC, 271 Va. 171, 181 (2006) ("A party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory."). In any event, the inquiry is not when Plaintiffs first learned of Fox's purported fraud. Rather, a cause of action accrues when the fraud "is discovered or by the exercise of due diligence reasonably should have been discovered." Va. Code § 8.01-249(1).

that party reasonably relied upon a material misrepresentation following a reasonable inquiry

into its veracity. Costello v. Larsen, 182 Va. 567, 571 (1944).

Plaintiffs ask this Court to set aside the Fox Sale and the Fox Deed of Trust securing the

Fox Loan based on Fox's alleged fraud, including that he would obtain a refinance of Plaintiffs'

FMC mortgage loan in November 2006 (Am. Compl., ¶¶ 26, 29); that Fox was not able to obtain

a refinance for Plaintiffs but that he would obtain a refinance within six months after November

14, 2006, (id. at ¶¶ 39(d), 47); that Plaintiffs' would remain on the title to the Property on

November 14, 2006, (id. at ¶¶ 39(c), 47); and that Fox would restore title to Plaintiffs after

November 14, 2006, (id. at ¶¶ 39(e), and (f)).[14]   The alleged misrepresentations are insufficient

to support a claim for relief based on fraud because Plaintiffs' reliance under the circumstances

was not reasonable.[15]

The Deed by which Plaintiffs conveyed the Property to Fox was recorded in November

2006.  Ex. A.  Plaintiffs did not receive refinancing of their FMC mortgage loan in November

2006.  Am. Compl, ¶ 30.  The cash payment Plaintiffs received as a result of the Fox Sale was

tens of thousands less than shown on the HUD-1 Settlement Statements.  Exs. D and E.  The loan

obtained in November 2006 was in Fox's name, not Plaintiffs.'  Am. Compl., ¶¶ 30, 31; Ex. C.

Plaintiffs knew at closing in November 2006 that the transaction with Fox was not the

transaction they had discussed.  Id.  Revelations by a mortgage broker that he was able to obtain

---

[14] Plaintiffs do not allege that the Moving Defendants were complicit in Fox's alleged fraud and
Plaintiffs do not allege facts upon which complicity may be inferred. See Am. Compl.,
generally.

[15] Moreover, even if this Court sets aside the Fox Sale, the Court should not release U.S. Bank's
lien on the Property because the $170,000+ used to pay off Plaintiffs' FMC mortgage loan and
arrears and the $20,000+ cash from the proceeds Plaintiffs received as a result of the Fox Sale
were all funds from the Fox Loan from U.S. Bank's predecessor, which is secured by the Fox
Deed of Trust.

financing only by retitling the Property would have placed a reasonably prudent homeowner on inquiry notice. Thus these revelations made by Fox on or before November 14, 2006 – standing alone – detrimentally affect Plaintiffs' ability to rely on Fox's purported misrepresentations.

Plaintiffs also allege Fox made statements after November 2006 that Plaintiffs would be able to obtain financing six months in the future. Am.Compl., ¶¶ 39(d), 47. Statements about future events, however, do not form a basis for a claim of fraud. McMillion v. Dryvit Systems, Inc., 262 Va. 463, 471 (2001). Thus, statements regarding future loans cannot form a basis for a claim for fraud and cannot otherwise toll the statute of limitations. Id. Similarly, Fox's purported statements about re-conveying the Property to Plaintiffs were statements of future events upon which fraud cannot be predicated. Plaintiffs further allege that Fox's fraud continued "through March 3, 2010." Am. Compl., ¶ 46.[16] Considering Plaintiffs' admissions concerning the Fox Sale, as well as the admitted facts (e.g., that Plaintiffs' did not obtain a refinance of the Property with Fox in May 2007, 6 months after the Fox Sale; that Plaintiffs were aware in 2007 that their names were not on the title to the Property; and that Plaintiffs were contacted in 2008 by federal investigators), Plaintiffs' alleged reliance on any purported fraudulent actions of Fox was unreasonable.

In addition, Plaintiffs signed the Deed conveying the Property in fee simple to Fox. Ex. A. That Deed was the only deed recorded in the land records in 2006. Any reliance on statements contrary to the recorded Deed is inherently unreasonable. See, e.g., Ostolaza-Diaz v. Countrywide Bank, N.A., 360 Fed. Appx. 504, 507 (4th Cir. 2010). Plaintiffs also signed two

---

[16] At other points in the Amended Complaint, Plaintiffs allege the purported fraud continued "through March 3, 2009." Id. at ¶ 61.

versions of the HUD-1 Settlement Statement. Exs. D and E .[17]  They accepted the benefits

conferred by the Fox Sale, including the payoff of their FMC mortgage loan and the

approximately $20,000 in cash.  Id.  Plaintiffs are charged with the duty to read the documents

they signed.  Faced with Fox's late-coming revelations at closing and the fact that the Deed and

Fox Deed of Trust were recorded in the land records in 2006, coupled with Fox's complete

failure to deliver on any of the promises Plaintiffs claim Fox made related to the Property,

Plaintiffs' reliance on Fox's purported misrepresentations was unreasonable as a matter of law.

See Board of Directors of Carrdinal Place Condominium v. Carrhomes Partnership, 58 Va. Cir.

602 (Fairfax 2000).  To the extent any of Plaintiffs' claims for relief and causes of action are

predicated on Fox's fraud, Plaintiffs claims fail as a matter of law.   Therefore, the Amended

Complaint should be dismissed on this additional basis.

    B.     <u>Plaintiffs Are Not Entitled to Injunctive Relief in Count 9</u>

In their prayer for relief in Count 9, Plaintiffs:

    demand as follows:

        a.    That upon final hearing, the fee simple title to the [P]roperty be adjudged to be in the Plaintiffs.

        b.    That the Defendants be required to set forth the nature of their claim in and to the [P]roperty and that all adverse claims by the Defendants or those claiming by, through, under or against the Defendants be determined by judgment of this Court to be null and void as against the Plaintiffs.

        c.    That all right, title and interest of the Defendants and those parties claiming by, through, under or against the Defendants be forever quieted and confirmed in the Plaintiffs.

---

[17] Plaintiffs duty to further inquire was triggered not only by the inconsistencies in the two HUD-1 Settlement Statements, but also by the fact, as alleged, that they received tens of thousands less in proceeds from the sale than indicated on either settlement statement they signed.

      d.     That Defendants and those parties claiming by, through, under or against the Defendants be perpetually enjoined from asserting any rights, title, claims, or interest in and to the [P]roperty and from exercising any act of foreclosure on the [P]roperty…

Am. Compl., ¶ 138.

As detailed in section I(C), an injunction is an extraordinary remedy that will not lie where Plaintiffs have an adequate remedy at law. Plaintiffs, by asserting monetary damage claims, concede they have an adequate remedy at law. But even if Plaintiffs did not have a remedy at law, the equities do not favor Plaintiffs over the Moving Defendants. Therefore, Plaintiffs are not entitled to the relief prayed for in Count 9.

In effect, Plaintiffs want this Court to partially rescind the Fox Sale. In order to rescind a contract, the Court must be able to restore the parties to the position they occupied before the contract was executed. Schmidt, 276 at 115 (citations omitted). Plaintiffs want title to the Property restored to them, but they want that title free and clear of any liens. When they entered into the transaction with Fox, the Property was encumbered by a deed of trust securing Plaintiffs' FMC loan. Am. Compl., ¶ 22. That deed of trust was released in 2006 when the proceeds of the Fox Loan were used to pay off the $172,165.74 balance of Plaintiffs' FMC loan. Ex. D and E at ln. 504. Plaintiffs do not want the Court to fully rescind the Fox Sale, for doing so would mean imposing a priority lien on the Property in the amount of at least $192,165.74, which is the minimum amount of cash and loan payout Plaintiffs admit they received from the Fox Loan. Id., Am. Compl., ¶ 39(i). Moreover, Plaintiffs not only want to retain the benefit of the FMC loan payoff and the cash proceeds from the Fox Sale that they received in November 2006, they also ask this Court to award compensatory damages against Fox in an amount equal to the Fox Loan. And monetary damages against the Moving Defendants Am. Compl., ¶¶ 63, 95, 100, 105. They further want this Court to nullify the Moving Defendants' security interest in the Property, which

secures the Fox Loan. Id. at ¶¶ 90, 138.  Plaintiffs also want an award of their costs and attorneys' fees.  See, e.g., id. at ¶¶ 95, 100, 105.  None of the nine counts in the Amended Complaint are pleaded in the alternative; rather, Counts 2 through 9 incorporate all the allegations of the prior claims.  Id. at ¶¶ 65, 76, 91, 96, 101, 106, 125, 132.  Clearly, Plaintiffs are asking this Court to award them a windfall, which a balancing of the equities cannot permit. Count 9 fails on this basis alone.  Further, as detailed in section II above, the Moving Defendants are not required to prove standing in a court of law prior to commencing non-judicial foreclosure actions on the Property.  Simply, Plaintiffs have no entitlement under the law to the relief sought in paragraph 138(b).  For all these reasons, Count 9 must be dismissed.

**CONCLUSION**

WHEREFORE, Defendants U.S. Bank and Home Loan Services, Inc. respectfully request that the Court enter an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that dismisses the Amended Complaint, or in the alternative, dismissed Counts 2 through 9 of Plaintiffs' Amended Complaint with prejudice, dismisses the Moving Defendants from this action, and grants such additional relief as the Court deems appropriate.

Respectfully submitted,

U.S. Bank, National Association,
Home Loan Services, Inc., and
Mortgage Electronic Registration Systems, Inc.
By Counsel

_____/s/_____
Alison Wickizer Toepp (VSB # 75564)
REED SMITH LLP
Riverfront Plaza, West Tower
901 East Byrd Street, Suite 1700
Richmond, Virginia 23219
Telephone: (804) 344-3400
Facsimile: (804) 344-3410
atoepp@reedsmith.com

Richard D. Holzheimer, Jr. (VSB #40803)
REED SMITH LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, Virginia 22042
Telephone: (703) 641-4200
Facsimile: (703) 641-4340
rholzheimer@reedsmith.com

*Counsel for Defendants U.S. Bank, National Association, Home Loan Services, Inc. and
Mortgage Electronic Registration Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2010, a true and correct copy of the foregoing was served via CM/ECF and/or first class mail, postage prepaid, on:

Leonard A. Bennett, Esq.
Robin A. Abbott, Esq.
Gary L. Abbott, Esq.
Consumer Litigation Associates, PC
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
rabbottlaw@msn.com

Jason M. Krumbein, Esq.
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, Virginia 23230
Telephone: (804) 673-4358
*Counsel for Plaintiffs*

Johnie R. Muncy, Esq.
Friedman & MacFadyen, P.A.
Surry Building, Suite 125
1601 Rolling Hills Drive
Richmond, Virginia
Telephone: (804) 288-0088
Facsimile: (804) 288-0052
jmuncey@fmlaw.com
*Of counsel for F&M Services, L.C., Friedman & MacFadyen,*
       *P.A., and Johnie R. Muncy*

James Fox
25035 Lesh Court
Crofton, Maryland 21114

                              /s/
                    Alison Wickizer Toepp (VSB # 75564)
                    REED SMITH LLP
                    Riverfront Plaza, West Tower
                    901 East Byrd Street, Suite 1700
                    Richmond, Virginia 23219
                    Telephone: (804) 344-3400
                    Facsimile: (804) 344-3410
                    atoepp@reedsmith.com
                    *Counsel for Defendants U.S. Bank, National*
                    *Association, Home Loan Services, Inc. and*
                    *Mortgage Electronic Registration Systems, Inc.*